ATTORNEY FOR THE RESPONDENT
Kerry Thompson
Scottsburg, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Rom Byron, Staff Attorney
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 36S00-0811-DI-605

IN THE MATTER OF:

ANONYMOUS,

*Respondent.*

Attorney Discipline Action
Honorable Judith A. Stewart, Hearing Officer

**October 5, 2009**

**Per Curiam.**

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and on the post-hearing briefing by the parties. We find that Respondent engaged in attorney misconduct by failing to surrender to a former client papers to which he was entitled.

The Respondent's admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. For his misconduct, we find that Respondent should receive a private reprimand.

**Background**

A criminal defendant ("Client") was charged with three counts of auto theft. Respondent was appointed as Client's public defender in September 2006. In late October 2006, Client sent a letter to Respondent requesting a copy of the State's responses to his discovery request in his case, and he stated a willingness to sign a plea bargain agreement if the State would allow his sentence to run concurrently with a sentence he was already serving. The following month, Respondent met with Client and discussed a proposed plea agreement. Respondent reviewed discovery materials with Client but did not provide him copies. Client accepted the plea agreement and entered a guilty plea. The trial court accepted the guilty plea and sentenced Client on November 13, 2006. Respondent's representation of Client concluded on that date. Client did not indicate to Respondent any intention to appeal, and he did not pursue an appeal. Respondent reasonably believed that Client's earlier request for a copy of the discovery materials was no longer pending at that point.

By letter dated February 2, 2007, Client requested a "copy of the discovery" in his case and "all other court documents." He did not indicate why he was requesting these materials. On March 5, 2007, Respondent sent Client a letter and his sentencing order but no other documents from the case. The letter told Client that his representation ended on the date of sentencing and Respondent was "not going to waste a lot of needless time and money sending stuff that's irrelevant for what you're obviously planning to do and that's filing some sort of post-conviction relief petition and all the litigation that goes with it." Respondent also sent Client a copy of a Court of Appeals' decision in a post-conviction relief ("PCR") case and suggested he "read it about 14 times before you file any sort of PCR petition in your case."

Client filed a grievance against Respondent with the Commission. After the Commission filed a verified complaint charging Respondent with violation of Profession Conduct Rule 1.16(d), Respondent's counsel sent Client a copy of the entire contents of Respondent's file on Client's case.

After an evidentiary hearing, the hearing officer concluded Respondent violated Rule 1.16(d) by not providing Client a copy of the State's responses to his discovery request after

Client requested it in his February 2, 2007, letter. The hearing officer, however, concluded that Client's request for other documents was too vague and that the Commission had not proven that Respondent violated Rule 1.16(d) by not providing Client a copy of documents besides the discovery materials. The hearing officer recommended the Respondent receive a private reprimand.

The Commission filed a Petition for Review pursuant to Admission and Discipline Rule 23(15)(a), challenging only the hearing officer's recommended sanction. In his brief in response, Respondent argues in favor of a private reprimand and does not challenge the hearing officer's conclusion the he violated Rule 1.16(d) by not providing Client with copies of the discovery materials.

### Discussion

Obligation to turn over documents to former clients generally. The rule Respondent is charged with violating reads:

> **Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests**, such as giving reasonable notice to the client, allowing time for employment of other counsel, **surrendering papers and property to which the client is entitled** and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

Prof. Cond. R. 1.16(d) ("the Rule") (emphasis added). On a related note, the Indiana Code provides:

> If, on request, an attorney refuses to deliver over money **or papers to a person from whom or for whom the attorney has received them**, in the course of the attorney's professional employment, the attorney may be required, after reasonable notice, on motion of any party aggrieved, by an order of the court in which an action, if any, was prosecuted or if an action was not prosecuted, by the order of any court of record, **to deliver the** money or **papers within a specified time**, or show cause why the attorney should not be punished for contempt.

Ind. Code § 33-43-1-9 ("the Statute") (emphasis added).

Client's entitlement to copies of discovery materials. Neither the Rule nor the Statute requires an attorney to honor all demands from former clients for copies of everything in their

3

files. As relevant to the current case, the Rule ties the requirement to protecting the client's legal interests. Although Client did not tell Respondent why he was requesting a copy of the State's responses to his discovery request, Respondent assumed Client wanted them to file a PCR action. Providing these documents for this purpose is tied to protecting Client's legal interests, whether or not Respondent believed there was any merit to such an action. There is no suggestion that it was not practicable for Respondent to make and send copies of the discovery materials to Client. Respondent at this point does not deny that he violated the Rule by failing to do so.

Discipline. The Commission contends Respondent should receive a public reprimand, arguing that Respondent's misconduct was intentional, that Client's incarceration made him a vulnerable victim, and that Client's interests were harmed by not receiving the discovery materials when requested. The Court, however, notes in mitigation that there was no complaint about the quality of Respondent's representation, that there is no showing of any actual legal harm to Client, and Respondent has no prior disciplinary record in over 25 years of practice. On balance, we conclude that a private reprimand is sufficient under the circumstances of this case.

## Conclusion

The Court concludes that Respondent violated Professional Conduct Rule 1.16(d) by not providing Client a copy of the State's responses to his discovery request after Client requested it in his February 2, 2007, letter. For Respondent's professional misconduct, the Court imposes a private reprimand.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer and to the parties or their respective attorneys. The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.

4